IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDON L. BROOKS, #B86580,

    Plaintiff,

vs.

MICHAEL P. ATCHISON, *et al.,*

    Defendants.

Case No. 13-cv-0927-SMY-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendation ("Report," Doc. 78) recommending that Defendants' Motion for Summary Judgment (Doc. 68) be granted and Plaintiff's Motion for Summary Judgment (Doc. 72) be denied. Plaintiff objected to the Report (Doc. 80) and Defendants responded to Plaintiff's objection (Doc. 81). Plaintiff then filed, without leave and without stating the exceptional circumstances for doing so as required by Local Rule 7.1(c), a Reply (Doc. 83) and an untimely Subsequent Objection (Doc. 84). These filings will not be considered. For the following reasons, the Report is **ADOPTED** in part and **REJECTED** in part.

Plaintiff Brandon Brooks is an inmate with the Illinois Department of Corrections ("IDOC"). Upon threshold review, the following claims were found colorable: Plaintiff's claim against Defendant Veath for deprivation of due process and Plaintiff's claim against Defendant Grapperhaus for causing an undesirable transfer of Plaintiff in retaliation for Plaintiff's protected activity of filing grievances. The Court adopts the portion of the Report that sets forth the background of this case (Doc. 78, p. 2-5) and will not repeat an overview here.

A court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P.

72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Plaintiff has objected to the report in its entirety, asserting that his "constitutional rights were violated [and] the rights were clearly established" (Doc. 80, p. 5).

As to Count I, the Court has reviewed the arguments, evidence and Judge Frazier's analysis and finds that the Report correctly recommends summary judgment in favor of Defendant Veath. While Plaintiff was improperly denied the opportunity to present witnesses at his disciplinary hearing, IDOC's Administrative Review Board acknowledged this non-compliance with procedures and expunged the disciplinary report from all records. (Doc. 69-1, p. 12). The expungement came after Plaintiff's punishment of four months in segregation was complete. However, Veath cannot be held responsible for Plaintiff's time wrongly spent in segregation if Veath enjoys qualified immunity.

A defendant is not entitled to qualified immunity if the constitutional right alleged to have been violated was clearly established when the conduct occurred. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The issue of whether Defendant Veath is entitled to qualified immunity is closely intertwined with the issue of whether Plaintiff's discipline imposed an "atypical and significant hardship" on him as defined in *Sandin v. Conner*, 515 U.S. 472, 485 (1995). If Plaintiff's punishment imposed such a hardship, then he is entitled to certain due process

protections.[1]  *Id*.  On the other hand, if the *Wolff* due process protections are not triggered, then there can be no clearly established constitutional right to be violated.

Judge Frazier properly analogized Plaintiff's claims to the plaintiff's claim in *Hardaway v. Meyerhoff*, wherein the plaintiff was given six months of disciplinary segregation at Menard without *Wolff* due process. 734 F.3d 740, 745 (7th Cir. 2013).  The Seventh Circuit found that "the right to avoid disciplinary segregation . . . for 182 days . . . was not a clearly established right in September 2009 when the conduct occurred." *Id*.  Here, Plaintiff was held in segregation for 120 days in March, 2012.  There is no authority suggesting that this level of punishment triggers *Wolff* due process.  According to *Hardaway*, the threshold is much higher than what Plaintiff is asserting.  As such, there was no clearly defined constitutional right that was violated and Defendant Veath is entitled to qualified immunity.

As to Count II, a plaintiff has a viable retaliation claim under Section 1983 if: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).  While a plaintiff does have a First Amendment right to file grievances concerning his conditions of confinement, he must do so "in a manner consistent with legitimate penological interests." *Watkins*, 599 F.3d at 796.

Plaintiff was openly insubordinate when discussing the status of his grievances with Defendant Grapperhaus (Doc. 72-4, p. 18), which is not protected speech.  However, this insubordination must not be conflated with the protected act of writing grievances concerning the

---

[1] In prison disciplinary proceedings, inmates are entitled to due process consisting of "advance written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline, that is supported by 'some evidence' in the record." *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974)).

conditions of Plaintiff's confinement, which is the basis for this claim.  Plaintiff is not claiming that the insubordinate interactions are protected speech.  The insubordination occurred separate from the writing and filing of the grievances.  A review of the record does not indicate anything about Plaintiff's grievances that is inconsistent with either his status as a prisoner or with legitimate penological interests.

Further, there is a genuine dispute of material fact as to the third element of the *Bridges* test.  Plaintiff has submitted the declaration of Jason Hanson which states that Hanson heard Grapperhaus threaten to have Plaintiff transferred to Hill Correctional Center if he did not stop writing grievances.  (Doc. 72-4, p. 18).  Viewing this evidence in a light most favorable to Plaintiff, a reasonable jury could conclude that the protected act of writing grievances was a motivating factor in Grapperhaus's decision to recommend Plaintiff be transferred away from his family.  (Doc. 78, p. 4).  Defendants, therefore, are not entitled to summary judgment on this issue. The undersigned's analysis of the issues raised in Plaintiff's Motion for Summary Judgment (Doc. 72) has been detailed above with respect to Defendants' motion and will not be repeated.

## Conclusion

For the foregoing reasons, Magistrate Judge Frazier's Report and Recommendation (Doc. 78) is adopted in part and rejected in part.  Defendants' Motion for Summary Judgment (Doc. 68) is **GRANTED** as to Count I and **DENIED** as to Count II. Plaintiff's Motion for Summary Judgment (Doc. 72) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATE: October 3, 2016**

s/ <em>Staci M. Yandle</em>
**STACI M. YANDLE**
**DISTRICT JUDGE**