IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDON L. BROOKS, #B86580,

    Plaintiff,

vs.

MICHAEL P. ATCHISON, *et al.,*

    Defendants.

Case No. 13-cv-0927-SMY-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Mark Grapperhaus' and Timothy Veath's Motion to Reconsider in Part the Court's Order adopting in part Magistrate Judge Frazier's Report and Recommendation (Doc. 92). For the following reasons, the motion is **DENIED**.

Defendants bring their motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) permits relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). However, relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

Defendants assert that the Court failed to consider certain arguments "related to Plaintiff's inconsistency in his timeline of events" that are relevant to the retaliation portion of the claim (Doc. 92 p. 1). Specifically, Defendants contend that the Court did not consider their argument that because Grapperhaus made his recommendation for Plaintiff's transfer before he allegedly threatened him with the transfer, Plaintiff's grievances could not have been a motivating factor of the transfer (Doc. 69 p. 12).

1

While the Court's Order doesn't address Defendants' argument as specifically framed, it was considered and rejected. The timing of Grapperhaus' alleged threat in relation to when he submitted the transfer recommendation, while relevant, is not dispositive of the question of whether Plaintiff's protected speech motivated the recommendation to any degree. Rather, the fact that the recommendation was made after Plaintiff exercised the protected speech – the filing of grievances beginning in March 2012 – is what creates the material issue of fact defeating summary judgment. Accordingly, Defendants' Motion to Reconsider is denied.

**IT IS SO ORDERED.**

**DATE: November 28, 2016**

>     s/   *Staci M. Yandle*
>     **STACI M. YANDLE**
>     **DISTRICT JUDGE**